IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL NO. 5:18-CV-49-DSC

| | |
|---|---|
| AUDRA HOUPE,<br>   Plaintiff,<br><br>   vs.<br><br>NANCY A. BERRYHILL,[1]<br>**Acting Commissioner of Social**<br>**Security Administration,**<br>   Defendant. | **MEMORANDUM AND ORDER**<br>**OF REMAND** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #10) and Defendant's "Motion for Summary Judgment" (document #13), as well as the parties' briefs and exhibits.

The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and these Motions are ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is not supported by substantial evidence. Accordingly, the Court will <u>grant</u> Plaintiff's Motion for Summary Judgment; <u>deny</u> Defendant's Motion for Summary Judgment; <u>reverse</u> the Commissioner's decision; and <u>remand</u> this matter for further proceedings consistent with this Memorandum and Order.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as Defendant herein. No further action is necessary pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. PROCEDURAL HISTORY

Plaintiff filed the present action on March 23, 2018. She alleges a disability onset date of September 16, 2014 and was eligible for benefits through December 31, 2014. The Court adopts the remaining procedural history as stated in the parties' briefs.

Plaintiff assigns error to the ALJ's formulation of her Residual Functional Capacity ("RFC"),[2] specifically her failure to consider a disability decision by the Department of Veterans Affairs ("VA"), and to properly evaluate the opinion of non-examining State Agency medical expert Dr. Frank Virgili. (Tr. 657). See Plaintiff's "Memorandum in Support … " at 3, 8-11 (document #11), "Plaintiff's "Response …" at 3-4 (document #15).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v.

---

[2]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome − so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled at any time prior to expiration of her eligibility for benefits.[3] Plaintiff challenges the ALJ's determination of her

---

[3]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

3

RFC. The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR96-8p, available at 1996 WL 374184, at *2. The ALJ must also "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Id.

Plaintiff has the burden of establishing her RFC by showing how her impairments affect her functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-06-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

In Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), the Fourth Circuit held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." 780 F.3d at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)). This explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested.

The ALJ stated that the VA decision was reported "in treatment records for January 2016, placing the disability ratings distant in time from the date last insured [December 31, 2014], such

4

that the degree of impairment is not relevant to the period at issue here." (Tr. 438). The ALJ also stated that she gave "little weight" to the VA decision because its was "based on [the VA's] rules and is not our decision." Id.

At the outset, the Court notes that the medical record at issue was dated October 21, 2015. (Tr. 1548). More importantly, Plaintiff began receiving VA disability benefits before her date last insured for Disability Insurance Benefits. (Tr. 619) (discussing Plaintiff's VA rating in prior hearing decision dated September 15, 2014).

Social Security Ruling 06-03p provides that "evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered." The Fourth Circuit has held that the purpose and methodology of the VA and Social Security Administration (SSA) are similar, and that absent clear reasons for deviation SSA must give VA disability ratings "substantial weight" in its determinations. Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 343 (4th Cir. 2012) (error for ALJ to afford no weight to VA disability rating). An ALJ may give less than substantial weight to a VA disability rating only by stating "persuasive, specific, valid reasons for doing so that are supported by the record." Woods v. Berryhill, 888 F.3d 686, 692 (4th Cir. 2018) (citing McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002) (describing standard for VA decisions); Chambliss v. Massanari, 269 F.3d 520, 522 (5th Cir. 2001) (per curiam) (explaining that ALJs need not give great weight to VA disability ratings "if they adequately explain the valid reasons for not doing so")). Here, the ALJ erred in failing to explain her rationale for giving little weight to the VA decision.

The ALJ also erred in her treatment of Dr. Virgili's opinion. After reviewing Plaintiff's medical records, Dr. Virgili opined, inter alia, that a cane or other assistive device was medically

5

necessary for Plaintiff to balance. (Tr. 657-58). The ALJ discussed Dr. Virgili's findings, even noting that "he has program knowledge and is familiar with social security standards for determining disability." (Tr. 437). Although the ALJ gave "great weight" to Dr. Virgili's opinion generally, she did not acknowledge his finding about a cane and made no allowance for use of a cane in the RFC. The ALJ failed to reconcile the inconsistency between her RFC and Dr. Virgili's finding that Plaintiff needed a cane or other assistive device for balance. See Ezzell v. Berryhill, 688 Fed. Appx. 199, 201 (4th Cir. May 4, 2017) (ALJ cannot give significant weight to a medical opinion which is inconsistent with his RFC assessment without resolving the conflict); see also 20 C.F.R. § 404.1527(b); SSR 96-8p (If a medical opinion conflicts with the ALJ's RFC, the conflict must be explained in the decision.). This error is not harmless. The Vocational Expert testified that if Plaintiff was required to use a cane, she would be unable to maintain competitive employment. (Tr. 479-80).

Applying those legal principles to the record here, the ALJ's decision denying benefits is not supported by substantial evidence. This matter must be remanded for a new hearing.

By ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not forecast a decision on the merits of Plaintiff's application for disability benefits. See Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 663 (4th Cir. 2017). "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." Shalala v. Schaefer, 509 U.S. 292, 299, 113 S. Ct. 2625, 2630-31, 125 L.Ed. 2d 239 (1993) (quoting Sullivan v. Hudson, 490 U.S. 877, 892, 109 S.Ct. 2248, 2258, 104 L.Ed.2d 941 (1989)).

## IV. ORDER

**NOW THEREFORE IT IS ORDERED:**

1. Plaintiff's "Motion for Summary Judgment" (document #10) is **GRANTED**; Defendant's "Motion for Summary Judgment" (document #13) is **DENIED**; and the Commissioner's decision is **REVERSED**.[4] This matter is **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[5]

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED.**

Signed: November 30, 2018

David S. Cayer
United States Magistrate Judge

---

[4] In reversing the Commissioner's decision, as noted above, the Court expresses no opinion as to the merits of Plaintiff's claim for disability. An order of "reversal" here does not mandate a finding of disability on remand. The Court finds the ALJ's decision deficient for the reasons stated herein, and consequently that decision cannot stand. "The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision[.]" Raney v. Berryhill, No. 3:16-CV-3256-BT, 2018 WL 1305606, at *4 (N.D. Tex. Mar. 12, 2018) (quoting Newton v. Apfel, 209 F.3d 448, 455 (5th Cir. 2000) (citing Knipe v. Heckler, 755 F.2d 141, 149 n.16 (10th Cir. 1985); Dong Sik Kwon v. Immigration & Naturalization Serv., 646 F.2d 909, 916 (5th Cir. 1981)); see also Cole v. Barnhart, 288 F.3d 149, 151 (5th Cir. 2002) ("It is well-established that [the Court] may only affirm the Commissioner's decision on the grounds which [s]he stated for doing so.").

[5] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990).